# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SEVERO GURULE,

    Plaintiff,

v.                                                                                                                                                                                         No. 13-cv-0916 SMV

CAROLYN COLVIN,
Acting Comm'r of SSA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand Commissioner's Administrative Decision [Doc. 20] and the Memorandum in Support of the Motion [Doc. 21] (collectively, "Motion"), filed on May 23, 2014. The Commissioner responded on July 16, 2014. [Doc. 23]. Plaintiff replied on August 4, 2014. [Doc. 24]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 11]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge's ("ALJ's") findings at step four are not supported by substantial evidence. Therefore, the Motion will be granted, and the case will be remanded for further proceedings consistent with this opinion. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) he is not engaged in "substantial gainful activity;" *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) his impairment(s) either meet or equal one of the Listings[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If he cannot show that his impairment meets or equals a Listing, but he proves that he is unable to perform his "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

**Procedural Background**

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on January 22, 2008. Tr. 263–270. Plaintiff alleged a disability-onset date of January 1, 2005. *Id*. His claims were denied initially and on reconsideration. *Id*. Plaintiff requested a hearing before an ALJ. Tr. 143. ALJ William Helsper held a hearing on October 20, 2009, by videoconference. Tr. 92–104. Plaintiff was not represented by counsel at the hearing. Tr. 109. The ALJ issued his unfavorable decision on February 23, 2010. Tr. 112−117. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 6–7. The Appeals Council granted the request for review, vacated the decision, and remanded the case to another ALJ with specific instructions.[3] Tr. 127–129.

---

[3] The Appeals Council directed the ALJ upon remand to:
- Fully explain to the claimant his right to representation, and document the record accordingly.
- Give consideration to the non-treating source opinions pursuant to the provisions of 20 C.F.R. 404.1527 and 416.924 and Social Security Rulings 96-2p and 96-5p and nonexamining source opinions pursuant to the provisions of 20 C.F.R. 404.1527(f) and 416.927 (f) and Social Security Ruling 96-6p, and explain the weight given to such opinion evidence.
- Further evaluate the claimant's mental impairment in accordance with the special technique described in 20 C.F.R. 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 C.F.R. 404.1520a(c) and 416.920a(c).
- Give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations (20 C.F.R. 404.1545 and 416.945 and SSR 85-16 and 96-8p).
- Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (SSR 00-4p).
- If the claimant is found disabled, conduct the further proceedings required to determine whether alcoholism is a contributing factor material to the determination of disability.

Tr. 128.

ALJ Ben Willner held a supplemental hearing on March 8, 2012, in Albuquerque, New Mexico. Tr. 34–91. Plaintiff appeared in person and was represented by counsel, Michael D. Armstrong, Esq. *Id*. The ALJ took testimony from Plaintiff; Plaintiff's daughter, Francesca Gurule; and an impartial vocational expert ("VE"), Thomas Greiner, who appeared in person. *Id*.

The ALJ issued his unfavorable decision on May 31, 2012. Tr. 12–27. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 15. Since Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id*. At step two, he found that Plaintiff suffered from the following severe impairments: "blindness in the left eye, chronic obstructive pulmonary disease, degenerative lumbar and cervical disc disease, hip pain (status-post motor vehicle accident), a history of hepatitis C, lower extremity varicose vein disease, somatoform disorder, gastroesophageal reflux disease (GERD), and a somatoform disorder [sic]." *Id*. At step three, the ALJ found that Plaintiff's impairments, alone or in combination, did not meet or medically equal a Listing. Tr. 16. Because Plaintiff's impairments did not meet a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 18–24.

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b), except that he needs to avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation and similar environmental conditions and must avoid exposure to unprotected heights and dangerous machinery. In addition, he has vision in only one eye and depth perception and field of vision are reduced to only having one eye. He is further limited to work that involves only simple tasks with simple instructions and to working primarily with things rather than with people. Additionally, he can maintain concentration, pace, and persistence for two hours at one time on such tasks before taking customary, regularly scheduled (morning, lunch, and afternoon)

> breaks and then return to another two hours of work after these
> regularly scheduled breaks.

Tr. 18. At step four, the ALJ found that Plaintiff "is capable of performing his past relevant light work as a post-office clerk." Tr. 25. Accordingly, the ALJ did not proceed to step five. *See id*. Ultimately, the ALJ found that Plaintiff had not been under a disability as defined by the Act, during the relevant time period, and he denied the claims. Tr. 26–27. The Appeals Council denied Plaintiff's request for review on July 23, 2013. Tr. 1–5. Plaintiff timely filed the instant action on September 22, 2013. [Doc. 1].

## **Analysis**

The ALJ's finding at step four, regarding Plaintiff ability to return to his past work as a post office clerk, is not supported by substantial evidence. There is an unresolved conflict between the VE's testimony regarding Plaintiff's ability to return to this past work and the DOT's description of the reasoning level required to perform the duties of a post office clerk. Unless the conflict is resolved, the ALJ may not rely on the VE's testimony as substantial evidence for his ultimate finding of non-disability. For this reason, remand is required.

### The ALJ committed legal error because he failed to resolve the conflict between the VE's testimony and the DOT

Plaintiff argues that the ALJ erred in failing to resolve a conflict between the VE's testimony (that someone with Plaintiff's RFC could perform the job duties of post office clerk) and the DOT's explanation of such duties (including "level-three reasoning").[4] [Doc. 21] at 11−15. Specifically, in the RFC, the ALJ limited Plaintiff to being able to carry out "simple tasks with simple instruction," Tr. 18, but the job of post office clerk—which the VE testified

---

[4] The DOT describes reasoning level three as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."

Plaintiff was capable of performing—requires higher level reasoning, i.e., level-three reasoning. [Doc. 21] at 12–14. Plaintiff argues that under *Hackett v Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), level-three reasoning is inconsistent with a limitation to simple tasks and instructions. [Doc. 21] at 13. The Court is not persuaded by the Commissioner's arguments in opposition.

Reasonable explanations are required for conflicts between the DOT and the VE's testimony. *Hackett*, 395 F.3d at 1175 (citing Social Security Ruling ("SSR") 00-4p; *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999)). "[A]n ALJ has a duty to fully develop the record[.] Questioning a [VE] about the source of his opinion and any deviations from [the DOT] falls within this duty." *Haddock*, 196 F.3d at 1091 (clarifying that the duty applies at steps three, four, and five of the sequential evaluation process). "[B]ecause cross-examining a [VE] with a publication such as the [DOT] is clearly a matter for someone well versed in social security law, not a layman[,]" the ALJ—not the claimant—is responsible for investigating and eliciting a reasonable explanation for any conflict between the VE's testimony and the DOT. *Id.* If the ALJ fails in this duty and there is an unresolved conflict between the VE's testimony and the DOT, the VE's testimony cannot constitute substantial evidence to support a determination of non-disability. *Id.*

For example, in *Hackett*, the Tenth Circuit Court of Appeals found a conflict between the VE's testimony (that the plaintiff could perform certain jobs even though she was limited to "simple and routine work tasks") and the DOT (which describes the jobs as requiring level-three reasoning). *Hackett*, 395 F.3d at 1171, 1176. The court, therefore, remanded the case "to allow the ALJ to address the apparent conflict between the [p]laintiff's inability to perform more than

7

simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id.* at 1176.

Here, the ALJ limited Plaintiff to "simple tasks with simple instruction," Tr. 18, and the VE testified that Plaintiff could perform a job requiring level-three reasoning, Tr. 26. As in *Hackett*, the RFC is in direct conflict with the job the VE testified that Plaintiff could perform. The job of post office clerk requires a higher reasoning level than an RFC which limits Plaintiff to "simple tasks with simple instructions." Tr. 18. Furthermore, the ALJ's decision does not explain how the conflict was resolved. Thus, Plaintiff is correct that *Hackett* requires remand to allow the ALJ to explain the inconsistency between the VE's testimony and the DOT.

The Commissioner contends that the ALJ did resolve the conflict with the VE's testimony. [Doc. 23] at 7. The Commissioner specifically cites to the ALJ's question to the VE: "[s]o would an individual limited to simple tasks and simple instructions still be able to do those jobs at the SVP four level?" *Id.* (*citing* TR. 87–88). In response, the VE testified that a postal clerk job is repetitive and once the tasks are learned there is very little change. *Id.* However, nothing in the VE's testimony demonstrates that the ALJ resolved the conflict. Indeed, the ALJ found (incorrectly) that there was no conflict. Tr. 26.

The Court finds that there is a conflict between the VE's testimony in this case and the DOT, which the ALJ fails to resolve. As such, the VE's testimony cannot constitute substantial evidence to support the ALJ's decision.

**Conclusion**

The Court will reverse the ALJ's decision and remand the case to allow the ALJ to revisit step four. The ALJ must address the apparent conflict between Plaintiff's inability to perform more than simple tasks with simple instructions and the level-three reasoning required by the postal clerk job identified as appropriate for Plaintiff by the VE. The Court declines to address Plaintiff's other arguments at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing, with Supporting Memorandum [Doc. 21] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**